1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10         FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   SCOTT N. JOHNSON,                )
                                      )        2:06-cv-0110-GEB-PAN (JFM)
13                  Plaintiff,        )
                                      )
14          v.                        )        STATUS (PRETRIAL
                                      )        SCHEDULING) ORDER
15   AMERICAN RIVER DEVELOPMENT CORP.,)
                                      )
16                  Defendant.[1]     )
     _____)

17

18         The status (pretrial scheduling) conference scheduled in

19   this case for April 17, 2006, is vacated since the joint status report

20   ("JSR") submitted by the parties indicates that the following Order

     should issue.

21

22                   DISMISSAL OF DOE DEFENDANTS

23         Since Plaintiff has not justified Doe defendants remaining

     in this action, Does 1-10 are dismissed.  See Order Setting Status

24   (Pretrial Scheduling) Conference filed January 17, 2006, at 2 n.2

25   (indicating that if Plaintiff or Plaintiffs fail to set forth in the

26

27   _____

28         [1]    The caption has been amended according to the Dismissal of Doe
     Defendants portion of this Order.

                               1

1  JSR a date by when the identities of any "Doe" defendants are expected

2  to be discovered, the claims against Doe defendants would be deemed

3  abandoned and a dismissal order would follow).

4              SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT[2]

5          All defendants have been served and no further service is

6  permitted, except with leave of Court, good cause having been shown.

7          No further joinder of parties or amendments to pleadings is

8  permitted, except with leave of Court, good cause having been shown.

9                              DISCOVERY

10         All discovery shall be completed by April 11, 2007.  In this

11  context, "completed" means that all discovery shall have been

12  conducted so that all depositions have been taken and any disputes

13  relative to discovery shall have been resolved by appropriate orders,

14  if necessary, and, where discovery has been ordered, the order has

15  been complied with or, alternatively, the time allowed for such

16  compliance shall have expired.[3]

17

18         [2]    The statements in the JSR that Defendant "reserves the right
19  "to join [an additional party] at a later time" and "reserves the right
   to amend its Answer to potentially add counter claims or cross claims"
20  are too imprecise to except the referenced possible amendments from the
   "good cause" standard. "Parties anticipating possible amendments . . .
21  have an 'unflagging obligation' to alert the Rule 16 scheduling judge of
   the . . . timing of such anticipated amendments in their status reports
22  so that the judge can consider whether such amendments may properly be
   sought solely under the Rule 15(a) standard, and whether structuring
23  discovery pertinent to the parties' decision whether to amend is
   feasible." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal.
24  1999) (citation omitted).

25         [3]    The parties are advised that the Magistrate Judges in the
26  Eastern District are responsible for resolving discovery disputes. See
   Local Rule 72-302(c)(1).    Accordingly, counsel shall direct all
27  discovery-related matters to the Magistrate Judge assigned to this case.
   A party conducting discovery near the discovery "completion" date runs
28  the risk of losing the opportunity to have a judge resolve discovery
   motions pursuant to the Local Rules.

1        Each party shall comply with Federal Rule of Civil Procedure
2 26(a)(2)'s initial expert witness disclosure and report requirements
3 on or before November 13, 2006, and with the rebuttal expert
4 disclosures authorized under the Rule on or before December 13, 2006.

5 <u>MOTION HEARING SCHEDULE</u>

6        The last hearing date for motions shall be June 11, 2007, at
7 9:00 a.m.[4]

8        Motions shall be filed in accordance with Local Rule 78-
9 230(b).  Opposition papers shall be filed in accordance with Local
10 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>
11 <u>consent to the motion and the Court may dispose of the motion</u>
12 <u>summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13 Further, failure to timely oppose a summary judgment motion may result
14 in the granting of that motion if the movant shifts the burden to the
15 nonmovant to demonstrate a genuine issue of material fact remains for
16 trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

17        Absent highly unusual circumstances, reconsideration of a
18 motion is appropriate only where:

19        (1)  The Court is presented with newly discovered evidence
20 that could not reasonably have been discovered prior to the filing of
21 the party's motion or opposition papers;

22        (2)  The Court committed clear error or the initial decision
23 was manifestly unjust; or

24        (3)  There is an intervening change in controlling law.

25

26

27     [4]  This time deadline does not apply to motions for continuances,
28 temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for August 13, 2007, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[5]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to

---

[5]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u> <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

<u>TRIAL SETTING</u>

Trial is set for November 6, 2007, commencing at 9:00 a.m.

/////

/////

5

1                        <u>MISCELLANEOUS</u>

2         The parties are reminded that pursuant to Federal Rule of

3 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

4 **not be modified except by leave of Court upon a showing of good cause.**

5 **Counsel are cautioned that a mere stipulation by itself to change**

6 **dates does not constitute good cause.**

7         IT IS SO ORDERED.

8 Dated:  April 6, 2006

9

10                                <u>/s/ Garland E. Burrell, Jr.</u>
                                GARLAND E. BURRELL, JR.
                                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28